IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SAROS LICENSING LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**TRAEGER PELLET GRILLS, LLC,**<br><br>Defendant. | Civil Action No.<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes, Plaintiff Saros Licensing LLC ("Plaintiff" or "Saros"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Traeger Pellet Grills, LLC (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 6,480,753 ("the '753 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 15922 Eldorado Pkwy., Suite 500-1640, Frisco, TX 75035.

3. Upon information and belief, Defendant is a limited liability company organized under the laws of Delaware, having a principal place of business at 1215 E. Wilmington Ave., Suite 200, Salt Lake City, Utah 84106.  Upon information and belief, Defendant may be served

with process c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.traegergrills.com, which is in the business of providing domestic appliance solutions and services, amongst other things. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website located at www.traegergrills.com, and its incorporated and/or related systems (collectively the "Traeger Website"). Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Traeger Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Delaware and in this judicial District; and (iii) being legally organized in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its organization, and/or its regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On November 12, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '753 Patent, entitled "COMMUNICATIONS, PARTICULARLY IN THE DOMESTIC ENVIRONMENT" after a full and fair examination. The '753 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '753 Patent, having received all right, title and interest in and to the '753 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '753 Patent, including the exclusive right to recover for past infringement.

12. The '753 Patent relates generally to a domestic appliance for interaction with a communications network with a communications module connectable to the communications network.

13. The '753 Patent contains eight claims, namely two independent claims and six dependent claims.

14. Claim 1 of the '753 Patent states:

> "1. A domestic food-processing appliance (1) having a primary domestic function but being adapted for the secondary function of interaction with a communications network (75), the appliance (1) comprising a user interface operable by direct contact with the appliance (1) and a remote control facility

operable by a remote control handset, wherein activating or deactivating the primary function of the appliance (1) is reserved for the user interface and the remote control facility is incapable of activating or deactivating the primary function." See Exhibit A.

15. Defendant commercializes, inter alia, a device that has all the features and performs all the steps recited in at least one claim of the '753 Patent. More particularly, Defendant commercializes, inter alia, a device that has all the features and performs all the steps recited in Claim 1 of the '753 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a device that encompasses that which is covered by Claim 1 of the '753 Patent. Alternatively, Defendant exercises control over and/or directs its customers to use the device that has all the features and performs all the steps recited in at least Claim 1 of the '753 Patent.

16. Claim 2 of the '753 Patent states "2. The appliance (1) of claim 1, wherein the primary function is cooking, defrosting, or freezing."

17. Defendant makes, uses, sells, offers for sale, or imports a device that encompasses that which is covered by Claim 2 of the '753 Patent. Alternatively, Defendant exercises control over and/or directs its customers to use a system or device that has all the features and performs all the steps recited in at least Claim 2 of the '753 Patent.

18. Claim 4 of the '753 Patent states "4. The appliance (1) of claim 1, wherein the primary function is operable via the communications network (75)."

19. Defendant makes, uses, sells, offers for sale, or imports a device that encompasses that which is covered by Claim 4 of the '753 Patent. Alternatively, Defendant exercises control over and/or directs its customers to use a system or device that has all the features and performs all the steps recited in at least Claim 4 of the '753 Patent.

## DEFENDANT'S PRODUCT(S)

20. Defendant offers a device, such as the "Traegergrills Timberline Pellet Grill" (the "Accused Product"), that is a domestic appliance for interaction with a communications network with a communications module connectable to the communications network.  A non-limiting and exemplary claim chart comparing the Accused Product to Claim 1 of the '753 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

21. As recited in Claim 1, the Accused Product or a system, at least in internal testing and usage, utilized by the Accused Product is a domestic food-processing appliance (e.g., Timberline Pellet Grill) having a primary domestic function (e.g., cooking) but being adapted for the secondary function (e.g., wireless communication) of interaction with a communications network (e.g., Wi-Fi network).  See Exhibit B.

22. As recited in Claim 1, the Accused Product or the system, at least in internal testing and usage, utilized by the Accused Product comprises a user interface (e.g., control panel having user interface) operable by direct contact with the appliance (e.g., pellet grill) and a remote control facility (e.g., Traeger app) operable by a remote control handset (e.g., a smartphone).  See Exhibit B.

23. As further recited in Claim 1, the Accused product or the system, at least in internal testing and usage, utilized by the Accused Product performs such that wherein activating or deactivating the primary function (e.g., enabling or disabling cooking functionality) of the appliance (e.g., pellet grill) is reserved for the user interface (e.g., control panel) and the remote control facility (e.g., Traeger app) is incapable of activating or deactivating the primary function (e.g., cooking).  See Exhibit B.

24. As further recited in Claim 1, the Accused product or the system, at least in internal testing and usage, utilized by the Accused Product enables a user to activate or deactivate cooking function of the accused product by turning on/off the power to the accused product using the power button on the control panel of the accused product. The companion application (e.g., Traeger app) of the accused product is incapable of performing this functionality. See Exhibit B.

25. The elements described in paragraphs 21-24 are covered by at least Claim 1 of the '753 Patent. Thus, Defendant's Accused Product is enabled by the device described in the '753 Patent.

26. As recited in Claim 2, the Accused Product has a primary function that is cooking. See Exhibit B.

27. As recited in Claim 4, the Accused Product has a primary function that is operable (e.g., setting timer / temperature for cooking) via the communications network (Wi-Fi network). See Exhibit B.

28. The elements described in paragraphs 26-27 are covered by at least Claim 2 and/or Claim 4 of the '753 Patent. Thus, Defendant's Accused Product is enabled by the device described in the '753 Patent.

## INFRINGEMENT OF THE '753 PATENT

29. Plaintiff realleges and incorporates by reference all of the allegations set forth in Paragraphs 1 to 28.

30. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '753 Patent.

31. Defendant has had knowledge of infringement of the '753 Patent at least as of the service of the present Complaint.

32. Defendant has directly infringed and continues to directly infringe at least one claim of the '753 Patent by making, selling, using, at least through internal testing or otherwise, the Accused Product without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '753 Patent, Plaintiff has been and continues to be damaged.

33. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '753 Patent, pursuant to 35 U.S.C. § 271.

34. Defendant has committed these acts of infringement without license or authorization.

35. As a result of Defendant's infringement of the '753 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

36. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

37. Defendant has contributed and continues to contribute to the infringement of the '753 patent by customers of Defendant that control the Accused Product through Defendant's Program Application, and is thus liable for contributory infringement of the '753 patent.

38. Defendant has induced and continues to induces its customers to infringe the '753 patent that control the Accused Product through Defendant's Program Application, is thus liability for inducing infringement of the '753 patent.

39. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '753 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '753 Patent;

d. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

  f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

  g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated:  April 26, 2019

Respectfully submitted,

DEVLIN LAW FIRM, LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 N. Broom Street, Suite 1
Wilmington, DE 19806
Phone:  302-449-9010
Fax:  302-353-4251
tdevlin@devlinlawfirm.com

Together with:

SAND, SEBOLT & WERNOW CO., LPA
Howard L. Wernow
(*pro hac vice* forthcoming)
Aegis Tower - Suite 1100
4940 Munson Street, N. W.
Canton, Ohio 44718
Phone:  330-244-1174
Fax:  330-244-1173
howard.wernow@sswip.com

***ATTORNEYS FOR PLAINTIFF***